2004 OK 35

**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION,**
Complainant,

v.

**John H.T. SHERIDAN, Respondent.**

**No. SCBD 4896.**

Supreme Court of Oklahoma.

May 17, 2004.

As Corrected Sept. 28, 2004.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of John H.T. Sheridan pending disciplinary proceedings, this Court finds:

1. On March 24, 2004, the Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Respondent's affidavit of resignation reflects: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3. Respondent states the following in his affidavit of resignation:

I am aware the following proceedings are currently pending:

(a) **DC 03–132,** is a grievance filed by the General Counsel's office of the Oklahoma Bar Association. The grievance alleges the Respondent paid for a Continuing Legal Education Seminar with a check from a trust account. The trust account was closed and there were no funds available in the account to pay the check when it was written.

(b) **DC 03–252,** a grievance filed by Harlin Lee Sanders, a former client of the Respondent. The grievance alleges Respondent received a check from the client that was to be specifically used to pay the deposition costs of a medical expert. The medical expert was never paid by Respondent and funds received from the client were not used for their intended purpose.

(c) **DC 03–330,** a grievance filed by Lisa Maul. The grievance alleges Respondent failed to provide an accounting when requested by the client and failed to properly withdraw from the case upon termination by the client.

(d) **DC 04–002,** a grievance filed by Jeff Nichols, a former client. The grievance alleges Respondent received eight hundred-forty dollars ($840) to handle a child support matter for Mr. Nichols. The grievance alleges Respondent failed to complete the matter and failed to complete any substantial work on behalf of the client.

(e) **DC 04–92,** a grievance filed by Richard Ellis, a former client. This grievance alleges Respondent was paid one thousand dollars ($1,000) in a criminal matter. The grievance alleges Respondent only appeared at one hearing and failed to complete the matter and failed to return phone calls from the client.

4. Respondent is aware that the allegations set forth herein, if proven, would constitute violations of Rule 1.4, Rules Governing Professional Conduct; and Rules 1.1, 1.3, 1.4, 1.15, 3.2, and 8.4, Oklahoma Rules of Professional Conduct, 5 O.S. ch.1, app.3–A, and his oath as an attorney.

5. Respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S., ch.1, app.1–A, and it should be approved and as requested be effective March 24, 2004, the date the application was filed.

6. The Oklahoma Bar Association has waived any costs incurred in this matter.

¶2 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the name of JOHN H.T. SHERIDAN be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may

not make application for reinstatement prior to the expiration of five years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S., ch.1, app.1–A, Respondent shall notify all of his clients having legal business pending with him within twenty days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be a condition of reinstatement.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 17th day of May, 2004.

All Justices Concur.